FILED
CHARLOTTE, NC

OCT 20 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:20cr95-KDB |
| | ) | |
| v. | ) | **BILL OF INDICTMENT** |
| | ) | |
| JOSEPH E. STASNEY | ) | 18 U.S.C. § 1343 |
| a/k/a Buddy Stasney | ) | 18 U.S.C. § 1344 |
| | ) | 18 U.S.C. § 1028A |
| | ) | |

THE GRAND JURY CHARGES:

At all times material to this Indictment:

### Introduction

1. From in or about February 2015 through in or about December 2015, the defendant, JOSEPH E. STASNEY a/k/a Buddy Stasney ("STASNEY"), engaged in a fraudulent loan scheme whereby he obtained money from PNC Bank, N.A. by submitting false and fraudulent loan applications in the names of his car dealership's customers.

### Relevant Entities and Individuals

2. STASNEY owned a used car dealership in Lincolnton, North Carolina named Buddy Stasney Buick GMC Inc., and later named Buddy Stasney Automotive, Inc.

3. PNC Bank, N.A. ("PNC Bank") is a federally insured financial institution, the accounts and deposits of which are insured by the Federal Deposit Insurance Corporation (FDIC) and which operates in and the activities of which affect interstate and foreign commerce. PNC Bank provided loans to customers of Buddy Stasney Buick GMC Inc. and Buddy Stasney Automotive, Inc., for the purpose of financing vehicle purchases and refinances.

4. PNC Bank required and relied upon truthful information from STASNEY and customers applying for loans to purchase and refinance vehicles, including the details of the transaction, a description of the collateral securing the loan, the applicants' financial information, and the purpose of the loan. All of this information was important to PNC Bank's decisions regarding whether to approve the loans and the terms of the loans.

## The Fraudulent Loan Scheme

5. It was part of the scheme to defraud that STASNEY negotiated the prospective sale and refinance of vehicles to customers of his car dealership ("customer-victims"). STASNEY then caused the customer-victims, and dealership employees on their behalf, to complete loan applications to finance the anticipated purchases and refinance transactions. However, the contemplated transactions were not completed.

6. It was further part of the scheme to defraud that STASNEY then submitted and caused to be submitted the loan applications, containing misrepresentations regarding the current status and terms of the transactions and loans, purportedly on the customer-victims' behalf via electronic communications in interstate commerce to PNC Bank. PNC Bank then funded the loans and issued the proceeds of the loans to STASNEY and his businesses based on the misrepresentations contained in the loan applications. STASNEY deposited, and caused to be deposited, the loan proceed checks from PNC Bank written to his car dealership into his car dealership bank account.

7. It was further part of the scheme to defraud that STASNEY falsely represented to the purchaser customer-victims that the loans had not been processed, when, in truth and in fact, the loans were processed and the customer-victims were obligated on the loans. STASNEY falsely represented to the refinancing customer-victims that their vehicles had been refinanced and that the proceeds of the loans were used to pay off the prior loans on their vehicles when, in truth and in fact, STASNEY had not paid off the customer-victims' prior loans and the customer-victims remained obligated on those loans.

8. It was further part of the scheme to defraud that STASNEY failed to use the funds as indicated on the loan applications to pay off the existing loans securing trade-in vehicles that customer-victims had provided to STASNEY as a credit toward the purchase price of another vehicle.

9. It was further part of the scheme to defraud that STASNEY took out loans in the names of some customer-victims without their knowledge or consent.

10. Once the fraudulent loan proceeds were deposited into the car dealership bank account, STASNEY diverted, and caused to be diverted via wire transfers and checks, among other means, some of the fraudulently obtained loan proceeds for unrelated business uses.

## COUNT ONE
(Wire Fraud Affecting Financial Institution)

11. Paragraphs 1 through 10 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

12. From in or about February 2015 through in or about December 2015, in Lincoln County, within the Western District of North Carolina, and elsewhere, the defendant,

**JOSEPH E. STASNEY**
**a/k/a Buddy Stasney**

with the intent to defraud, did knowingly and intentionally devise the above-described scheme and artifice to defraud and to obtain money by materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communication in interstate commerce any writing, signal, picture, and sound, *to wit*, emails, text messages, telephone calls, electronic loan applications, wire transfers, and other electronic financial transactions in interstate commerce.

13. The above-described scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises, affected a financial institution, *to wit*, PNC Bank, N.A.

All in violation of Title 18, United States Code, Section 1343.

3

## COUNTS TWO THROUGH SEVEN
(Financial Institution Fraud)

14. Paragraphs 1 through 10 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

15. On or about the dates set forth in the chart below, within the Western District of North Carolina, and elsewhere, the defendant,

**JOSEPH E. STASNEY**
**a/k/a Buddy Stasney**

did knowingly and unlawfully execute and attempt to execute and cause to be executed a scheme and artifice to obtain monies, funds, credits, assets, and other property owned by and under custody and control of PNC Bank, N.A., the deposits of which were insured by the FDIC, by means of materially false and fraudulent pretenses, representations, and promises by submitting and causing to be submitted applications for the false and fraudulent loans described below by amount and borrower:

| COUNT | NOTE DATE | LOAN AMOUNT | BORROWER |
| --- | --- | --- | --- |
| TWO | October 15, 2015 | $15,613.00 | R.W. |
| THREE | October 27, 2015 | $46,947.00 | J.W. |
| FOUR | October 27, 2015 | $28,567.90 | K.N. |
| FIVE | November 12, 2015 | $32,202.96 | B.L. |
| SIX | November 13, 2015 | $46,827.90 | J.K.P. |
| SEVEN | November 20, 2015 | $20,167.00 | A.T. |

All in violation of Title 18, United States Code, Sections 1344(2) and 2.

4

## COUNT EIGHT
(Aggravated Identity Theft)

16.     Paragraphs 1 through 10 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

17.     On or about November 20, 2015, in Lincoln County, within the Western District of North Carolina, the defendant,

**JOSEPH E. STASNEY**
**a/k/a Buddy Stasney**

did knowingly use, without lawful authority, a means of identification of another person, to wit, the name of A.T., during and in relation to the commission of one or more federal felony violations, to wit, financial institution fraud (18 U.S.C. § 1344), as charged in Count Seven.

All in violation of Title 18, United States Code, Section 1028A(a)(1) and (b).

5

## NOTICE OF FORFEITURE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in Counts One through Seven of this Bill of Indictment;

b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) and (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a) and (b).

A TRUE BILL:

FOREPERSON

R. ANDREW MURRAY
UNITED STATES ATTORNEY

CARYN FINLEY
ASSISTANT UNITED STATES ATTORNEY

GRAHAM BILLINGS
ASSISTANT UNITED STATES ATTORNEY

6